# UNITED STATES DISTRICT COURT

for the

_____US\_ District of \_Hawaii\_

_____Hawaii\_\_\_ Division

| | |
|---|---|
| Age Reversal Unity ) <br> ) <br> ) <br> ) <br>  *Plaintiff(s)* <br> *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* <br> -v- <br> University of Hawaii at Manoa, University of Hawaii at Hilo, University of Hawaii-West Oahu, University of Hawaii Maui College, Hawaii Pacific University, Chaminade University of Honolulu, <br> *Defendant(s)* <br> *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Case No.  CV 24-00275 DKW-RT <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial: *(check one)*  ☐ Yes  ☑ No <br><br> Brigham Young University-Hawaii <br> Hawaii Community College, <br> Honolulu Community College, <br> Kapi'olani Community College, <br> Kauai Community College, <br> Leeward Community College, <br> Windward Community College |

FILED IN THE UNITED STATES DISTRICT COURT DISTRICT OF HAWAII
Jun 26, 2024 1:26 PM
Lucy H.Carrillo, Clerk of Court

## COMPLAINT FOR A CIVIL CASE

Windward Community College

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Age Reversal Unity |
| Street Address | 1321 Upland Dr, PMB 18311 |
| City and County | Houston, Harris County |
| State and Zip Code | Texas and 77043 |
| Telephone Number | 2132226113 |
| E-mail Address | aliafshar2019a@gmail.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | University of Hawaii at Manoa |
| Job or Title *(if known)* | |
| Street Address | 2500 Campus Road, Honolulu, HI 96822 |
| City and County | Honolulu, Honolulu County |
| State and Zip Code | Hawaii, 96822 |
| Telephone Number | 8089568111 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | University of Hawaii at Hilo |
| Job or Title *(if known)* | |
| Street Address | 200 W Kawili Street, |
| City and County | Hilo, Hawaii County |
| State and Zip Code | Hawaii and 96720 |
| Telephone Number | 8089327900 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Hawaii Community College |
| Job or Title *(if known)* | |
| Street Address | 1175 Manono Street, |
| City and County | Hilo, Hawaii County |
| State and Zip Code | Hawaii and 96720 |
| Telephone Number | 8089342500 |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | Brigham Young University-Hawaii |
| Job or Title *(if known)* | |
| Street Address | 55-220 Kulanui Street, Laie, HI 96762 |
| City and County | Laie and Honolulu County |
| State and Zip Code | HI and 96762 |
| Telephone Number | 8086753211 |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✔] Federal question          [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Right to Life (5th and 14th Amendments)
Equal Protection Clause (14th Amendment)
Breach of Public Trust

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

      b.    If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Immortality, as evidenced by the biological phenomenon observed in the "immortal jellyfish" (Turritopsis dohrnii), represents a pinnacle of evolutionary achievement and a potential future for humanity. Despite significant public interest and scientific inquiry into the mechanisms of biological immortality, Defendants have failed to establish academic programs dedicated to the study and advancement of human immortality. Plaintiff contends that the establishment of an undergraduate degree program in immortality would significantly contribute to the advancement of human knowledge and well-being, potentially leading to breakthroughs in age reversal, genetic engineering, and another related fields. Defendants' refusal to create such a program constitutes a failure to fulfill their obligations to society and discriminates against the fundamental human right

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

First Cause of Action Violation of the Right to Academic Freedom and Advancement Defendants' refusal to establish an undergraduate degree program in immortality violates the principle of academic freedom and the societal obligation of universities to advance human knowledge and well-being. Second Cause of Action Declaratory Relief Plaintiff seeks a declaratory judgment that Defendants are obligated to establish an undergraduate degree program in immortality to fulfill their societal obligations and to advance the fundamental human right to life.

PRAYER FOR RELIEF
WHEREFORE, Plaintiff prays for judgment against Defendants as follows:
a. For a declaratory judgment that Defendants are obligated to establish an undergraduate degree program in immortality;
b. For an injunction compelling Defendants to establish an undergraduate degree

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: June/26/2024

Signature of Plaintiff: /s/ Ali Afshar
Printed Name of Plaintiff: Ali Afshar

### B. For Attorneys

Date of signing:

Signature of Attorney:
Printed Name of Attorney:
Bar Number:
Name of Law Firm:
Street Address:
State and Zip Code:
Telephone Number:
E-mail Address:

**All names of the defendants with addresses for Complaint and Summons**

1. **University of Hawaii at Manoa**
   - 2500 Campus Road, Honolulu, HI 96822
2. **University of Hawaii at Hilo**
   - 200 W Kawili Street, Hilo, HI 96720
3. **University of Hawaii-West Oahu**
   - 91-1001 Farrington Highway, Kapolei, HI 96707
4. **University of Hawaii Maui College**
   - 310 W Ka'ahumanu Avenue, Kahului, HI 96732
5. **Hawaii Pacific University**
   - 500 Ala Moana Blvd, Honolulu, HI 96813
6. **Chaminade University of Honolulu**
   - 3140 Waialae Avenue, Honolulu, HI 96816
7. **Brigham Young University-Hawaii**
   - 55-220 Kulanui Street, Laie, HI 96762
8. **Hawaii Community College**
   - 1175 Manono Street, Hilo, HI 96720
9. **Honolulu Community College**
   - 874 Dillingham Boulevard, Honolulu, HI 96817
10. **Kapi'olani Community College**
    - 4303 Diamond Head Road, Honolulu, HI 96816
11. **Kauai Community College**
    - 3-1901 Kaumualii Highway, Lihue, HI 96766
12. **Leeward Community College**
    - 96-045 Ala Ike, Pearl City, HI 96782
13. **Windward Community College**
    - 45-720 Keaahala Road, Kaneohe, HI 96744

UNITED STATES DISTRICT COURT, DISTRICT OF HAWAII

AGE REVERSAL UNITY, Plaintiff,

v.

University of Hawaii at Manoa
University of Hawaii at Hilo
University of Hawaii-West Oahu
University of Hawaii Maui College
Hawaii Pacific University
Chaminade University of Honolulu
Brigham Young University-Hawaii
Hawaii Community College
Honolulu Community College
Kapi'olani Community College
Kauai Community College
Leeward Community College
Windward Community College
Defendants

**Case No.:** [To Be Assigned]   **CV 24-00275 DKW-RT**

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, Age Reversal Unity ("Plaintiff"), by and through its undersigned counsel, alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory and injunctive relief in which Plaintiff seeks a court order compelling Defendants to establish an undergraduate degree program in "Immortality" at their respective institutions. Plaintiff asserts that immortality, as a concept and a field of study, is a fundamental human right, akin to the right to life, and that universities have an obligation to advance human society by exploring and teaching this emerging discipline.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, as this case raises federal questions under the United States Constitution.
3. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

4. Plaintiff Age Reversal Unity is a company dedicated to the advancement of human immortality as a scientific and academic discipline.
5. Defendants are institutions of higher education located in Hawaii, including University of Hawaii at Manoa, University of Hawaii at Hilo, University of Hawaii-West Oahu, University of Hawaii Maui College, Hawaii Pacific University, Chaminade University of Honolulu, Brigham Young University-Hawaii, Hawaii Community College, Honolulu Community College, Kapi'olani Community College, Kauai Community College, Leeward Community College, Windward Community College

## FACTUAL ALLEGATIONS

6. Immortality, as evidenced by the biological phenomenon observed in the "immortal jellyfish" (Turritopsis dohrnii), represents a pinnacle of evolutionary achievement and a potential future for humanity.
7. Despite significant public interest and scientific inquiry into the mechanisms of biological immortality, Defendants have failed to establish academic programs dedicated to the study and advancement of human immortality.
8. Plaintiff contends that the establishment of an undergraduate degree program in immortality would significantly contribute to the advancement of human knowledge and well-being, potentially leading to breakthroughs in age reversal, genetic engineering, and other related fields.
9. Defendants' refusal to create such a program constitutes a failure to fulfill their obligations to society and discriminates against the fundamental human right to life and the pursuit of immortality.
10. The following courses are recommended to be taught in the bachelor degree of immortality: 1. age reversal 2. Immortality 3. Epigenetic 4. aging biology 4. translational medicine for aging 5. cause of aging 6. telomeres and aging 7. biomarkers of aging 7. genetics of aging 8. Leptin IGF-1 IGFBP3 and resveratrol 9. biological aging and slowing aging 10. DNA damage, and mitochondrial dysfunction 11. senescence 12. cell reprogramming, and similar courses.

## CLAIMS FOR RELIEF

10. **Violation of the Right to Academic Freedom and Advancement**

    Defendants' refusal to establish an undergraduate degree program in immortality violates the principle of academic freedom and the societal obligation of universities to advance human knowledge and well-being.

11. **Declaratory Judgment** - Plaintiff seeks a declaratory judgment that Defendants' failure to establish an undergraduate degree program in "Immortality" is contrary to the public interest and fails to fulfill their educational and societal obligations.

12. **Violation of Equal Protection**
Plaintiff alleges that Defendants' failure to offer an undergraduate degree program in "Immortality" while offering programs in other scientific disciplines constitutes a violation of the Equal Protection Clause of the Fourteenth Amendment. By denying students the opportunity to pursue studies in immortality, Defendants are treating the fundamental human aspiration of immortality as inferior to other fields of study, in violation of the principle of equal protection under the law.

13. **Violation of Equal Protection Clause of the Fourteenth Amendment**
Age Reversal Unity alleges that the Defendants' refusal to offer an undergraduate degree program in "Immortality" discriminates against a segment of society interested in the study and advancement of human longevity and immortality, thereby violating the Equal Protection Clause of the Fourteenth Amendment. This action is based on the premise that offering degree programs in various scientific fields but excluding immortality studies unjustly discriminates against those who value and pursue longevity research.

14. **Breach of Public Trust**
The Plaintiff contends that the Defendants, as public and private institutions of higher education, hold a duty to the public to advance knowledge and serve societal interests. By not offering a degree program in "Immortality," which could potentially lead to significant advancements in human health and longevity, the Defendants are failing to fulfill their obligations under the public trust doctrine. Plaintiff contends that Defendants, as institutions of higher education, have a public trust and obligation to serve the broader interests of society. By refusing to establish a degree program in "Immortality," Defendants are failing to fulfill this public trust and are acting in a manner that is arbitrary, capricious, and contrary to the public good.

15. **Violation of Substantive Due Process under the Fourteenth Amendment**
Age Reversal Unity argues that the right to pursue immortality, as an extension of the right to life and personal autonomy, is a fundamental liberty interest protected by the Substantive Due Process Clause of the Fourteenth Amendment. The Defendants' failure to offer educational programs in immortality studies unjustly deprives individuals of their liberty interest in pursuing life extension and immortality research.
Plaintiff argues that the right to life, and by extension the pursuit of immortality, is a fundamental liberty interest protected by the Due Process Clause of the Fourteenth Amendment. Defendants' refusal to offer a degree program in "Immortality" deprives individuals of this fundamental right without due process of law.

16. **Limitation on Scientific Inquiry in Age Reversal Technologies**
    - **Obligation to Support Scientific Inquiry**: The universities are seen as having a duty to promote and facilitate research in all fields of knowledge, especially in emerging areas like age reversal technologies that hold promise for transformative societal benefits.
    - **Impact on Research and Progress**: The absence of an immortality program is argued to limit opportunities for research and development in age reversal technologies. This limitation is seen as a barrier to scientific progress and the potential discovery of breakthroughs in extending human life.
    - **Detriment to Societal Well-being**: The cause of action suggests that by not fostering research in immortality and life extension, the universities are failing to contribute to advancements that could improve societal health and well-being.

17. **Breach of Contractual Obligations to Society**
    - **Societal Obligations of Universities**: It's posited that universities hold an implicit contractual relationship with society at large, wherein they are expected to foster the advancement of knowledge and contribute to the public good. This encompasses offering academic programs and conducting research that align with societal needs and priorities.
    - **Immortality as a Societal Priority**: The plaintiffs argue that research and education in immortality and life extension are of significant societal interest, given their potential to enhance human health, longevity, and well-being. The absence of such a program is seen as a failure by the universities to address a critical area of societal concern.
    - **Breach of Contract**: The universities' decision not to establish an immortality program is characterized as a breach of their implied contractual duties to society. This breach is purported to deprive society of potential advancements and innovations that could stem from focused academic and research efforts in this field.

18. **Failure to Promote Human Rights**
    - **Advancements in Science and Technology**: The plaintiffs argue that recent scientific and technological advancements have brought the possibility of significant life extension, or even immortality, within reach. This progress suggests that the pursuit of immortality is not merely speculative but grounded in ongoing research and development.
    - **Human Right to Life**: Central to this cause of action is the assertion that the right to life is a fundamental human right. The plaintiffs extend this concept to argue that the right to life encompasses not only the right to be free from unjust death but also the right to pursue life extension through scientific means.
    - **Educational Institutions' Role**: The lawsuit contends that universities, especially those with significant resources and research capabilities, have a responsibility to contribute to the advancement of human rights. This includes engaging in and supporting research that has the potential to extend human life.
    - **Failure to Offer Immortality Program**: The refusal of the universities to offer an undergraduate program focused on immortality and life extension research is presented as a failure to fulfill their role in promoting the human right to life. The plaintiffs argue that by not providing such a program, the universities are neglecting an area of study that could have profound implications for human longevity and well-being.

19. **Neglect of Potential Health Benefits**
- **Unexplored Research Opportunities**: The plaintiffs argue that an undergraduate program in immortality would facilitate research into aging, genetics, and other related fields. This research has the potential to uncover breakthroughs in extending human life and improving health outcomes.
- **Public Health Implications**: The lawsuit suggests that by neglecting to offer a program in immortality, the universities are missing an opportunity to contribute to public health advancements. The potential health benefits from life extension research could include novel treatments for age-related diseases, contributing to a healthier, longer-lived population.
- **Educational Responsibility**: The plaintiffs contend that as educational institutions, the universities have a responsibility to explore and teach subjects that have the potential to significantly benefit society. The failure to offer a program in immortality is seen as a neglect of this responsibility, particularly given the potential health benefits associated with life extension research.
- **Societal Benefit**: The cause of action emphasizes the societal benefits that could arise from the universities embracing immortality studies. These benefits are not limited to individual health improvements but extend to economic gains from a healthier, more productive population and reduced healthcare costs associated with aging.
- **Innovation Stagnation**: The lawsuit argues that the absence of an immortality program contributes to a stagnation in innovation within the field of life extension research. Universities are seen as key drivers of innovation, and their engagement with immortality studies could spur new discoveries and technologies that benefit health.

20. **Failure to Foster a Culture of Innovation**
- **Importance of Innovation**: The plaintiffs emphasize that universities play a crucial role in advancing knowledge and driving societal progress. As such, fostering a culture of innovation is seen as a fundamental responsibility of these institutions.
- **Exclusion of Immortality Studies**: The lawsuit criticizes the universities for not offering an undergraduate program in immortality and life extension. This omission is portrayed as a failure to engage with an emerging and potentially transformative field of study, indicating a lack of commitment to fostering innovation.
- **Stifling of Student Initiatives**: By not providing a program in immortality, the universities are accused of denying students opportunities to engage in innovative projects, research, and entrepreneurial activities related to life extension technologies. This is viewed as a significant barrier to nurturing a culture that values and supports innovation.
- **Missed Opportunities for Collaboration**: The absence of an immortality program is argued to limit the potential for interdisciplinary collaboration, both within the universities and with external partners. Such collaborations are essential for creating a dynamic and productive culture of innovation.
- **Impediment to Technological Advancements**: The plaintiffs assert that by not supporting innovation in the field of life extension, the universities are hindering the advancement of technologies that could offer significant benefits to society. This is

characterized as a neglect of the universities' duty to contribute to technological progress and societal well-being.

21. **Denial of Access to Emerging Technologies**
- **Emerging Technologies in Immortality**: The plaintiffs posit that the domain of immortality and life extension is characterized by rapid advancements and the continuous emergence of new technologies. These advancements are deemed essential for achieving significant extensions in human lifespan.
- **Denial of Access**: It is claimed that by not including an immortality program in their academic offerings, the universities are effectively denying students access to these cutting-edge technologies and research. This exclusion is viewed as a significant missed opportunity for students to be involved in a transformative area of study.
- **Limitation of Educational Opportunities**: The absence of an immortality program is argued to restrict the educational and research opportunities available to students. Without access to such a program, students' ability to explore, utilize, and contribute to the development of life extension technologies is limited.
- **Impediment to Societal Advancement**: The lawsuit suggests that the refusal of the universities to offer an immortality program constitutes an obstacle to the broader societal progress that could be facilitated through the adoption and application of life extension technologies. The universities are accused of hindering advancements in this pivotal area by denying access to these emerging technologies.

22. **Failure to Fulfill Educational Mission**: Universities have a core mission that encompasses advancing knowledge, educating students, and contributing to the public good through their academic programs and research initiatives. This mission is foundational to their operation and purpose within society.
- **Obligation to Offer Relevant Programs**: Integral to fulfilling their educational mission, universities are argued to have an obligation to provide academic programs that align with emerging fields of study. These programs should address significant societal needs and interests, reflecting the evolving landscape of knowledge and societal priorities.
- **Failure to Offer Immortality Program**: At the heart of this cause of action is the claim that by not creating an undergraduate program focused on immortality and life extension research, the universities are not meeting their educational mission. This failure is seen as a significant oversight given the potential impact and interest in this area of study.
- **Societal Importance of Immortality**: The plaintiffs emphasize the critical importance of immortality studies and the pursuit of extending human lifespan. They argue that such endeavors are of paramount societal interest and that universities, given their educational mission, have a duty to engage in and support this field through academic offerings.
- **Dereliction of Educational Responsibilities**: The lawsuit alleges that the universities' decision to exclude an immortality program from their academic offerings amounts to a dereliction of their educational responsibilities. This exclusion is portrayed as a failure to provide students and society access to a field of study with the potential for significant scientific and societal benefits.

23. **Failure to Provide Comprehensive Science Education**
- **Comprehensive Science Education**: The expectation for universities is to offer a broad and inclusive science education that encompasses both traditional disciplines and emerging fields. This comprehensive approach is deemed essential for preparing students to contribute meaningfully to the scientific community and society at large.
- **Exclusion of Immortality Studies**: Central to this cause of action is the allegation that by not establishing a program in immortality, the universities are neglecting an important and innovative area of scientific inquiry. This exclusion is portrayed as a significant gap in their science curriculum.
- **Societal Importance of Immortality**: The lawsuit underscores the societal relevance of immortality and life extension research. It is argued that these fields have the potential to revolutionize our understanding of aging and longevity, offering profound benefits for human health and well-being.
- **Obligation to Advance Scientific Knowledge**: The universities are contended to have a duty to push the boundaries of scientific knowledge and ensure students have access to the forefront of scientific research. The absence of immortality programs is seen as a failure to uphold this duty.
- **Denial of Educational Opportunities**: The plaintiffs argue that students are being deprived of the chance to engage with a critical and burgeoning field of scientific inquiry. This deprivation is said to limit their educational and career opportunities in a domain that could shape the future of science and medicine.

24. **Breach of Fiduciary Duty**
Age Reversal Unity claims that the Defendants, by virtue of their role as educational institutions, owe their students and society at large a fiduciary duty to act in their best interests. The refusal to establish a degree program in "Immortality" is alleged to be a breach of this duty, as it neglects the educational and societal interest in advancing human longevity and immortality research.

25. **Violation of the First Amendment**
The Plaintiff asserts that the Defendants' refusal to offer a degree program in "Immortality" restricts academic freedom and the free exchange of ideas, in violation of the First Amendment. This cause of action is based on the argument that education and research in immortality are matters of public concern and that suppressing these topics infringes on the rights of students and faculty to explore and discuss significant scientific and philosophical questions.

26. **Breach of Implied Contract Between Universities and Students** -

- **Implied Contract**: It is posited that universities, through their promotional materials, academic offerings, and interactions with both prospective and current students, establish an implied contract. This contract engenders in students a reasonable expectation that the university will provide educational programs and opportunities that are in line with its stated mission and the academic interests of the students.

- **Duty to Provide Relevant Programs**: Integral to this implied contract is the universities' duty to offer academic programs that cater to emerging fields of study and student interest. The cause of action contends that research and studies related to immortality and life extension represent such an emerging field, one that purportedly enjoys significant interest among students.
- **Breach of Contract**: The refusal of the universities to create an undergraduate program focused on immortality is alleged to constitute a breach of their implied contractual obligations to their students. This breach is characterized by the universities' denial of an academic program in a field that students had a reasonable expectation would be available to them.

27. **Unjust Enrichment from Denying Immortality Studies**
- **Denial of Immortality Studies**: The universities are accused of not providing academic programs in immortality and life extension research. This denial is alleged despite what is claimed to be a significant demand from students for such studies and the potential societal benefits of advancing knowledge in this area.
- **Unjust Enrichment**: The core of the claim is that by not offering these programs, the universities continue to collect tuition and other fees without delivering the educational services in immortality studies that students seek and expect. This situation is characterized as unjust enrichment because the universities are seen as retaining benefits (tuition and fees) under circumstances that are considered unjust—namely, the withholding of educational opportunities in a field of purported importance and interest.
- **Equitable Remedy**: The lawsuit seeks an equitable remedy to rectify the alleged unjust enrichment. This could involve the court ordering the universities to establish the requested immortality programs, thereby fulfilling the perceived educational gap. Alternatively, the court could order the disgorgement of revenues deemed unjustly retained by the universities, which means the universities might have to return some portion of the tuition or fees collected under the premise of offering a comprehensive education that is argued to be incomplete without immortality studies.

28. **Tortious Interference with Prospective Economic Advantage**
- **Prospective Economic Advantages**: The claim is that an undergraduate program focused on immortality and life extension research could catalyze the emergence of new industries, create novel career opportunities for students, and generate significant financial benefits for the universities involved. The anticipation is that such a program would not only advance academic knowledge but also have substantial economic implications.
- **Interference by the Universities**: At the heart of this cause of action is the allegation that the universities have actively chosen not to offer such a program, thereby obstructing the realization of these prospective economic advantages. This decision is portrayed as depriving students, the universities, and broader society of potential benefits that could arise from the establishment of an immortality-focused academic program.

29. **Intentional and Unjustified Conduct**:

- **Intentionality**: The plaintiffs argue that the universities made a conscious decision not to offer the program. This decision is not accidental or incidental but is the result of deliberate action or inaction by the universities.
- **Lack of Justification**: Central to this cause of action is the claim that the universities' decision lacks a legitimate basis. The plaintiffs contend that there are no valid academic, administrative, financial, or other justifiable reasons for the refusal to establish an immortality program.
- **Arbitrary Denial**: The lawsuit alleges that the refusal to offer an immortality program is arbitrary. This means that the decision is seen as capricious or made without regard for the facts, the demand from students, or the potential societal and scientific benefits of such a program.
- **Emerging Field of Study**: The plaintiffs emphasize the importance and potential of immortality and life extension research as an emerging field of study. They argue that this area of research holds significant promise for advancing human knowledge and addressing fundamental questions about aging and longevity.

30. **Promissory Estoppel for Failure to Offer Immortality Degree Program** –
- **Promise or Representation**: The plaintiffs must demonstrate that the universities made a clear and unambiguous promise or representation that they would offer an undergraduate program focused on immortality and life extension research. This promise could have been conveyed through various means, including public statements, marketing materials, or direct communications.
- **Reliance by the Plaintiffs**: It must be shown that the plaintiffs, in this case, Age Reversal Unity and potentially affected students, reasonably relied on the promise made by the universities. This reliance could manifest in actions such as preparing for enrollment, foregoing other educational opportunities, or making financial or personal decisions based on the expectation that such a program would be available.
- **Detriment Suffered Due to Reliance**: The plaintiffs need to prove that they suffered a detriment as a result of their reliance on the universities' promise. This could include financial losses, missed educational or career opportunities, or other forms of harm that resulted directly from the expectation that the immortality degree program would be established.
- **Injustice if Promise is Not Enforced**: The essence of promissory estoppel is to prevent injustice. The plaintiffs must argue that it would be unjust for the universities not to fulfill their promise, given the plaintiffs' reasonable reliance and the detriment suffered.

31. **Declaratory Judgment on the Legality of Excluding Immortality Studies** –
- **Declaratory Judgment**: The plaintiffs are asking for a declaratory judgment, which is a judicial determination that would clarify the legal standing of the universities' actions in not including immortality studies in their academic programs. This judgment is sought to resolve uncertainty regarding the legality of these actions.
- **Legality of Exclusion**: At the core of this cause of action is the challenge against the universities' decision to exclude a program in immortality and life extension research. The plaintiffs argue that this exclusion is either unlawful or unconstitutional, and they seek a court's ruling on this matter.

- **Basis for Illegality**: The lawsuit likely posits that excluding immortality studies contravenes various legal principles. These might include the right to life, the obligation of educational institutions to contribute to the advancement of societal knowledge, or the universities' implied contractual obligations to their students. The plaintiffs are seeking a declaratory judgment to address the legality of the universities' exclusion based on these grounds.

32. **Fundamental Right to Life**: The cause of action would likely begin by asserting that state constitutions, including Hawaii', enshrine the right to life as a fundamental human right. This provision is typically interpreted to protect individuals from unjust deprivation of life by the state or other entities.
- **Extension of the Right to Life**: The argument would then seek to extend the traditional interpretation of the right to life to include the right to pursue immortality. It would posit that advancements in science and technology, exemplified by the existence of biologically immortal species like the "immortal jellyfish" (Turritopsis dohrnii), indicate that immortality or significant life extension could be within the realm of human achievement.
- **Educational Institutions' Role**: The cause of action would argue that universities, especially public institutions, have a role in advancing human knowledge and capabilities, including in areas that could extend human life. By not offering programs focused on immortality and life extension, these universities are purportedly failing to contribute to the advancement of human rights, specifically the right to life.
- **Violation of Constitutional Provisions**: The core of the cause of action would assert that the universities' refusal to offer such programs is a violation of state constitutional provisions protecting the right to life. The argument would suggest that in the modern context, protecting the right to life should include efforts to extend life, and that educational institutions have a duty to contribute to these efforts.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:
a. For a declaratory judgment that Defendants are obligated to establish an undergraduate degree program in immortality;
b. For an injunction compelling Defendants to establish an undergraduate degree program in immortality at their respective institutions;

DATED: June/19/2024
Respectfully submitted,
Age Reversal Unity

Name: Ali Afshar
Signature:
Address: 1321 Upland DR, PMB 18311, Harris County, Houston, TX, 77043