IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| AGE REVERSAL UNITY,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF HAWAII AT MANOA, *et al.*,<br><br>Defendants. | Case No. 24-cv-00275-DKW-RT<br><br>**ORDER (1) DENYING APPLICATIONS TO PROCEED IN DISTRICT COURT WITHOUT PREPAYMENT OF FEES AND COSTS; AND (2) DISMISSING COMPLAINT[1]** |

On June 26, 2024, Plaintiff Age Reversal Unity filed a Complaint, alleging that Defendants—several universities and colleges in the State of Hawaiʻi[2]—violated various constitutional rights and committed several state-law torts by "fail[ing] to establish academic programs dedicated to the study and advancement of human immortality."  Dkt. No. 1 at 4.  Shortly thereafter, on July 5, 2024, Age Reversal Unity filed two applications to proceed *in forma pauperis*.[3]  Dkt. Nos. 5 & 6.

---

[1] Pursuant to Local Rule 7.1(d), the Court elects to decide these matters without a hearing.

[2] Defendants include: University of Hawaiʻi at Mānoa, University of Hawaiʻi at Hilo, University of Hawaiʻi–West Oʻahu, University of Hawaiʻi Maui College, Hawaiʻi Pacific University, Chaminade University of Honolulu, Brigham Young University–Hawaiʻi, Hawaiʻi Community College, Honolulu Community College, Kapiʻolani Community College, Kauaʻi Community College, Leeward Community College, and Windward Community College.  Dkt. No. 1 at 1.

[3] Age Reversal Unity filed both the short form, Dkt. No. 5, and long form, Dkt. No. 6, applications.

## I.   <u>IFP Application</u>

Pursuant to 28 U.S.C. § 1915(a)(1), federal courts may authorize the commencement of suit without prepayment of fees or securities by a person who submits an affidavit which demonstrates that they lack the ability to pay.  This statute, however, does not apply to corporations, partnerships, community associations, or any other entity—rather, "only a natural person may qualify for treatment *in forma pauperis* under § 1915."  *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196 (1993).  Here, Age Reversal Unity represents that it is "a company dedicated to the advancement of human immortality as a scientific and academic discipline."  Dkt. No. 1 at 9.  As such, it is not eligible for *in forma pauperis* status, and its IFP Applications, Dkt. Nos. 5 & 6, are DENIED.

## II.   <u>Screening</u>

In addition, when a plaintiff files an action *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), the Court subjects it to mandatory screening and may order the dismissal of any claim it determines "is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Though the Court must liberally construe a *pro se* complaint, *Eldridge v. Block*, 832 F.2d at 1137, the Court cannot act as counsel for a *pro se* litigant, including by providing the

essential elements of a claim.  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Importantly, entities, including corporations and other business organizations, cannot appear *pro se* in federal court, but instead must be represented by a licensed attorney.  *See Rowland*, 506 U.S. at 202; *see also* LR 81.1(b) (explaining that in the District of Hawaiʻi, "[e]ntities other than individuals, including but not limited to corporations, partnerships, limited liability partnerships or corporations, trusts, community associations, and unions, must be represented by an attorney.").  Here, it appears that Age Reversal Unity lacks such representation.[4]  As such, the Complaint must be DISMISSED.  *See Quality Pro. Indus., Inc. v. Sun Power*, 2015 WL 12838142, at *1 (D. Haw. Mar. 19, 2015) (explaining that the complaint was subject to dismissal without prejudice where the corporate plaintiff lacked representation by licensed counsel); LR 81.1(a) (warning *pro se* litigants that their cases may be dismissed for failure to comply with the Local Rules).

---

[4]Although the Complaint is signed and filed by Ali Afshar, it does not appear that Afshar is a licensed attorney in the State of Hawaii.  *See* Dkt. No. 1 at 5, 17; *see also Member Directory*, HAWAII STATE BAR ASS'N, https://hsba.org/HSBA_2020/For_the_Public/Find_a_Lawyer/HSBA_2020/Public/Find_a_Lawyer.aspx?hkey=5850e9dd-227b-4556-8ec8-cf8878106f77 (enter "Ali" in the "First name" field, "Afshar" in the "Last name" field, and select "Find.").  Moreover, even if Afshar is licensed in another U.S. jurisdiction, there is no indication that he has applied to appear *pro hac vice* in this case.  *See* LR 83.1(c)(2).

## **CONCLUSION**

For the reasons stated herein, Age Reversal Unity's IFP Applications, Dkt. Nos. 5 & 6, are DENIED and the Complaint, Dkt. No. 1, is DISMISSED.  Should Age Reversal Unity wish to proceed with this case, it must pay the filing fee and have counsel appear by **August 9, 2024.  The Court cautions Age Reversal Unity that failure to comply with the guidance in this Order by August 9, 2024 will result in the automatic dismissal of this action without prejudice or further notice.**

IT IS SO ORDERED.

DATED: July 22, 2024 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge

Age Reversal Unity v. University of Hawaii at Manoa, et al; Civil No. 24-00275 DKW-RT; **ORDER (1) DENYING APPLICATIONS TO PROCEED IN DISTRICT COURT WITHOUT PREPAYMENT OF FEES AND COSTS; AND (2) DISMISSING COMPLAINT**

- 4 -